Case 1:08-cv-02328 Document 4 Filed 08/06/2007 Page 1 of 9

FILED
E-FILED
Tuesday, 07 August, 2007 02:14:13 PM
Clerk, U.S. District Court, ILCD

AUG -8 2007

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

AO 241 (Rev. 5/85)

PETITION UNDER 28 USC § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| **United States District Court** | District CENTRAL DISTRICT OF ILLINOIS | |
|---|---|---|
| Name DREW TERRELL | Prisoner No. N63220 | Case No. 07-1208 |

Place of Confinement

PONTIAC CORRECTIONAL CENTER
700 W. LINCOLN AVE.,/P.O. BOX 99,
PONTIAC, ILLINOIS 61764

| Name of Petitioner (include name under which convicted) | | Name of Respondent (authorized person having custody of petitioner) |
|---|---|---|
| UNITED STATES OF AMERICA EX REL., DREW TERRELL, pro se, | V. | WARDEN EDDIE JONES, Chief Administrative Officer of Pontiac Correctional Center, |

The Attorney General of the State of: ILLINOIS, LISA MADIGAN.

## PETITION

1. Name and location of court which entered the judgment of conviction under attack <u>The First Judicial Circuit Court of Cook County, at 2600 So. California Ave., Chicago, Illinois 60608.</u>

2. Date of judgment of conviction <u>August 28, 1986.</u>

3. Length of sentence <u>Commuted Death Sentence to Natural Life by former Gov. Ryan</u>

4. Nature of offense involved (all counts) <u>Forcable Felony Murder predicated on various offenses but, general scheme is Forcable Felony Murder based on the underlying felony of aggravated criminal sexual assault and aggravated battery.</u>

5. What was your plea? (Check one)
   (a) Not guilty ☒
   (b) Guilty ☐
   (c) Nolo contendere ☐
   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury ☐
   (b) Judge only ☒

7. Did you testify at the trial?
   Yes ☒ No ☐

8. Did you appeal from the judgment of conviction?
   Yes ☒ No ☐

SCANNED at PCC and E-Mailed
8-6-07 (date) by SE (initials)
106 (# of pages)

(2)

9. If you did appeal, answer the following:

   (a) Name of court ILLINOIS SUPREME COURT

   (b) Result affirmed convictions but vacated his sentence.

   (c) Date of result and citation, if known People v. Terrell, 132 Ill.2d 178, 547 N.E.2d 145 (1989) cert. denied 493 U.S. 959, 110 S.Ct. 2567, 109 L.Ed.2d 749 (1990)

   (d) Grounds raised involuntariness of statements; reasonable doubt; insufficiency of evidence; and several constitutional challenges to the statutes.

   (e) If you sought further review of the decision on appeal by a higher state court, please answer the following:

   (1) Name of court ILLINOIS AND UNITED STATES SUPREME COURTS

   (2) Result On appeal, the Illinois Supreme Court affirmed, and the United States Supreme Court denied cert..

   (3) Date of result and citation, if known People v. Terrell, 185 Ill.2d 467, 708 N.E.2d 309, (1998), cert. denied 528 U.S. 881, 120 S.Ct. 194, 145 L.Ed.2d 163 (1999)

   (4) Grounds raised whether a capital defendant has a right to present evidence and argue in mitigation that death should not be imposed if sentencing jurors has a residual or lingering doubt of guilt(?)

   (f) If you filed a petition for certiorari in the United States Supreme Court, please answer the following with respect to each direct appeal:

   (1) Name of court Petitioner restates subparagraph (e) of paragraph 9, as though fully incorporated herein.

   (2) Result _____

   (3) Date of result and citation, if known _____

   (4) Grounds raised _____

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?
    Yes ☒ No ☐

11. If your answer to 10 was "yes," give the following information:

    (a) (1) Name of court the First Judicial Circuit Court of Cook county.

    (2) Nature of proceeding collateral review, by and through, a timely post-conviction petition on the date of May 16, 1997.

    (3) Grounds raised Actual Innocence; Ineffective Assistance of Counsel; and a Denial of the fundamental right to a fair trial based on matters outside

(3)

AO 241 (Rev. 5/85)

the record, namely, Affidavits.

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐   No ☒

(5) Result <u>Entry of judgment on the pleading granting State's motion to dismiss responsively raising an issue of credibility.</u>

(6) Date of result <u>On June 29, 2004.</u>

(b) As to any second petition, application or motion give the same information:

(1) Name of court <u>the First District Court of Appeal of the State of Illinois</u>

(2) Nature of proceeding <u>an appeal, styled as: People v. Drew Terrell, said being cause no. 1-04-2266 (July 26, 2006)</u>

(3) Grounds raised <u>Circuit Court erred in dismissing without an evidentiary hearing Petitioner's ineffective assistance counsel for failing to full investi-evidence provided to him suggesting that Petitioner confessed falsely under duress and influence of the actual murderer, his mother.</u>

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐   No ☒

(5) Result <u>-same-</u>

(6) Date of result <u>-same-</u>

(c) Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?
(1) First petition, etc.    Yes ☒   No ☐
(2) Second petition, etc.  Yes ☐   No ☐

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

12. State *concisely* every ground on which you claim that you are being held unlawfully. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting same.
    CAUTION: In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

A. Ground one: <u>PETITIONER CLAIMS THAT THE STATE COURT'S DECISION IS BASED ON AN UNREASONABLE DETERMINATION OF FACTS</u>

Supporting FACTS (state briefly without citing cases or law): <u>BECAUSE THE STATE COURT MADE AN EVIDENTIARY FINDING AND JUDGMENT ON THE PLEADINGS WITHOUT HOLDING A HEARING AND GIVING HIM AN OPPORTUNITY TO PRESENT EVIDENCE, IN PARTICULAR, WHERE HIS MAY 16, 1997 PETITION AND AMENDMENT THEREOF ALLEGING, INTER ALIA, ACTUAL INNOCENCE, INEFFECTIVE ASSISTANCE OF COUNSEL SUPPORTED BY, INTER ALIA, THE AFFIDAVIT OF NAPOLEAN WELLS ATTESTING TO THE FACT THAT HIS SISTER CONFESSED TO HIM THAT SHE COMMITTED THE CRIMES FOR WHICH PETITIONER WAS CONVICTED OF, HOWEVER, ON JUNE 29, 2004, SAID COURT GRANTED THE STATE'S MOTION TO DISMISS CLAIMING THAT SAID AFFIDAVITS WERE INCREDIBLE, WITHOUT A FULL AND FAIR HEARING FOR LIVE TESTIMONY TO DEVELOP AN ADEQUATE RECORD; AND WHERE THE STATE REVIEWING COURTS DENIED HIM CORRECTIVE PROCESS FOR THE SAME;</u>

B. Ground two: <u>PETITIONER CLAIMS THAT THE STATE COURT'S DECISION IS CONTRARY TO CLEARLY ESTABLISHED FEDERAL LAW AS DETERMINED BY THE SUPREME COURT (q.v.)</u>

Supporting FACTS (state briefly without citing cases or law): <u>BECAUSE ON JULY 26, 2006 THE STATE REVIEWING COURT ARRIVED AT A CONCLUSION ON A QUESTION OF LAW OPPOSITE TO THAT REACHED BY THE UNITED STATES SUPREME COURT IN DETERMINING IF HE MADE A SUBSTANTIAL SHOWING TO SUPPORT HIS CLAIM OF INEFFECTIVE ASSISTANCE COUNSEL CLAIM FOR FAILURE TO INVESTIGATE AND PRESENT INFORMATION THAT WAS READILY AVAILABLE, IN PARTICULAR, WHERE HIS PREOFFER INVOLVED AFFIDAVITS INDICATING SOMEONE OTHER THEN PETITIONER COMMITTED THE CRIMES FOR WHICH HE WAS CONVICTED OF CREATED A FACTUAL DISPUTE REGARDING COUNSEL'S KNOWLEDGE, ACTS AND/OR OMISSIONS IN LIGHT OF THESE ATTESTED FACTS,</u>

HOWEVER, SAID COURT AFFIRMED THE STATE COURT'S JUNE 29, 2004 GRANT OF THE STATE'S MOTION TO DISMISS RAISING A CREDIBILITY ISSUE, AND ENTRY OF JUDGMENT ON THE PLEADINGS WITHOUT HOLDING AN EVIDENTIARY HEARING, DESPITE BEING FULLY BRIEFED ON THE LEGAL CONCLUSION REACHED BY THE SUPREME COURT; AND WHERE THE STATE HIGHEST COURT DENIED HIM CORRECTIVE PROCESS FOR THE SAME;

C. Ground three: <u>PETITIONER CLAIMS THAT THE STATE COURT'S DECISION INVOLVES AN UNREASONABLE APPLICATION OF CLEARLY ESTABLISHED FEDERAL LAW (q.v.)</u>

Supporting FACTS (state briefly without citing cases or law): <u>BECAUSE THE STATE REVIEWING COURT UNREASONABLY EXTENDED THE CORRECT LEGAL PRINCIPLE TO A NEW CONTEXT THAT SHOULD NOT APPLY, IN PARTICULAR, WHERE SAID COURT EXPRESSLY APPLIED A DE NOVO STANDARD OF REVIEW TO THE TRIAL COURT'S JUNE 29, 2004 JUDGMENT ON THE PLEADINGS, YET LIMITED THE SCOPE AND EXTENT OF SUCH REVIEW TO EXCLUDE SIGNIFICANT PORTIONS OF THE SUBSTANCE OF SAID PLEADINGS, NAMELY, INTER ALIA, FAILURE TO PRESENT READILY AVAILABLE INFORMATION AT TRIAL WHICH WAS CENTRAL TO HIS INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM, HOWEVER, ON JULY 26, 2006 UNDER SUCH NARROW REVIEW, SAID COURT AFFIRMED THE TRIAL COURT'S JUNE 29, 2004 GRANT OF STATE'S MOTION TO DISMISS AND JUDGMENT ON THE PLEADINGS WITHOUT HOLDING A FULL AND FAIR HEARING; AND WHERE THE STATE HIGHEST COURT DENIED HIM CORRECTIVE PROCESS FOR THE SAME;</u>

D. Ground four: <u>PETITIONER CLAIMS THAT THE STATE COURT'S DECISION IS BASED ON AN UNREASONABLE DETERMINATION OF FACTS</u>

Supporting FACTS (state briefly without citing cases or law): <u>BECAUSE BOTH STATE TRIAL AND REVIEWING COURTS HAD BEFORE IT, YET APPARENTLY IGNORED EVIDENCE THAT SUPPORTS HIS OVERLAPPING CLAIMS THAT DUE TO HIS TRIAL COUNSEL'S INEFFECTIVE FOR FAILURE TO PRESENT READILY AVAILABLE INFORMATION SHOWING HE WAS ACTUALLY INNOCENCE AND HIS CONFESSION WAS FALSE RENDERED SUCH FACTUAL BASIS IN EFFECT UNAVAILABLE, AND HIS TRIAL FUNDAMENTALLY UNFAIR, IN PARTICULAR, WHERE HE PROVIDED SEVERAL AFFIDAVITS, NAMELY, THAT OF NAPOLEAN WELLS ATTESTATION TO THE FACT THAT HIS SISTER HAD CONFESSED TO HIM THAT SHE HAD COMMITTED THE CRIMES FOR WHICH PETITIONER WAS CONVICTED OF, HOWEVER, DESPITE</u>

STRONG EXONERATIVE AND PROBATIVE VALUE OF SUCH EVIDENCE, THE TRIAL COURT GRANTED THE STATE'S MOTION TO DISMISS RAISING AN ISSUE OF CREDIBILITY WHICH WAS NON-COGNIZABLE UNDER SAID MOTION, AND ENTERED JUDGMENT ON THE PLEADINGS ON JUNE 29, 2004 WITHOUT AN EVIDENTIARY HEARING, AND WHERE THE REVIEWING COURT UNDER THE GUISE OF A DE NOVO STANDARD ENTERED ITS OWN FINDING OF INCREDIBILITY WITHOUT A DEVELOPED RECORD CONTAINING LIVE TESTIMONY OF THE AFFIANTS, AND WHERE THE STATE HIGHEST COURT DENIED HIM CORRECTIVE PROCESS FOR THE SAME;

AO 241 (Rev. 5/85)

E. Ground five: PETITIONER CLAIMS THAT THE STATE COURT'S DECISION IS BASED ON AN UNREASONABLE DETERMINATION OF FACTS

Supporting FACTS (state *briefly* without citing cases or law): BECAUSE THE STATE REVIEWING COURT MISSTATED THE RECORD ON A MATERIAL FACTUAL ISSUE CENTRAL TO HIS CLAIM COUNSEL'S INEFFECTIVENESS FOR FAILING TO INVESTIGATE OR PRESENT READILY AVAILABLE INFORMATION, NAMELY, INTER ALIA, THAT OF LOTTI BANKS, SPECIFICALLY AT TRIAL, HOWEVER, SAID COURT IN ITS JULY 26, 2006 RECITAL AND RENDITION HELD THAT LOTTI BANKS AFFIDAVIT CLAIMING THAT SHE WAS NEVER ASKED TO TESTIFY WAS POSITIVE REBUTTED

D. Ground six: (CONTINUE OF GROUND FIVE) BY HER TESTIMONY AT THE PETITIONER SENTENCING HEARING, YET MATERIALLY OMITTED

Supporting FACTS (state *briefly* without citing cases or law): THAT LOTTI BANKS EXPRESSLY REFERRED TO "AT TRIAL" AND THEREBY EXCLUDING ANY SENTENCING STAGE, UNDER SUCH MISAPPREHENSION, SAID COURT AFFIRMED THE TRIAL COURT'S PREVIOUS RULING, AND WHERE HE WAS DENIED CORRECTIVE PROCESS BY THE STATE HIGHEST COURT FOR THE SAME; BECAUSE SUCH FACT, HIS CUSTODY IS UNLAWFUL UNDER THE FOURTEENTH AMENDMENT AND BY THE LAWS OF HABEAS CORPUS. ACCORDINGLY, HE AFFIRMATIVE ASSERTS HIS INHERENT INTEREST TO LIBERTY AGAINST SUCH UNLAWFUL RESTRAINTS AND PROCESS.

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state *briefly* what grounds were not so presented, and give your reasons for not presenting them: _____

_____

_____

_____

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?
    Yes ☐   No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
    (a) At preliminary hearing  Attorney William O'Neal, 16501 S. Kedzie Pkwy, Markham, Illinois.

    (b) At arraignment and plea  Atty. William O'Neal

(9)

AO 241 (Rev. 5/85)

(c) At trial   Atty. William O'Neal

(d) At sentencing   Atty. William O'Neal

(e) On appeal   Charles M. Schiedel and Peter L. Rotskoff, 300 E. Monroe, Springfield, Illinois 62701 (Assistant State Appellate Defenders under appointment)

(f) In any post-conviction proceeding   ALAN M. FREEMAN, and CAROL HEISE, 22 W. Monroe, Chicago, Illinois 60603 (Assistant State Appellate Defenders under appointment)

(g) On appeal from any adverse ruling in a post-conviction proceeding   Joshua Sachs, 20 N. Clark St., Chicago, Illinois 60602 (Assistant State Appellate Defender under appointment)

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
Yes ☒   No ☐

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐   No ☒
(a) If so, give name and location of court which imposed sentence to be served in the future: _____

(b) Give date and length of the above sentence: _____

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐   No ☐

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

PRO SE LITIGANT
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

7-30-2007
(date)

[signature]
Signature of Petitioner

1(9)