# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# PEORIA DIVISION

| | | |
|---|---|---|
| DREW TERRELL, | ) | |
| | ) | |
| Plaintiff, | ) | No. 07-1208 |
| | ) | |
| v. | ) | |
| | ) | |
| EDDIE JONES, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Before the Court is a Motion to Appoint Counsel [Doc 2] and a Motion to Admit Duplicates [Doc. 3]. For the following reasons, the Motion to Appoint Counsel is DENIED and the Motion for Admissibility is MOOT.

Petitioner is not entitled to appointed counsel in this case. Prior to such a request, the litigant must show that he made a reasonable attempt to acquire counsel without Court intervention. Jackson v. County of McLean, 953 F.2d 1070, 1073 (7th Cir. 1992). Only if the petitioner meets this initial "threshold showing of an attempt and failure to obtain counsel," will the Court further consider if appointed counsel is necessary. Gil v. Reed, 381 F.3d 649, 656 (7th Cir. 2004). In this case, Petitioner has not submitted any letters requesting representation to counsel that specialize in cases such as his. Nor has Petitioner submitted any evidence that he has made any other form of attempt to obtain counsel. Thus, this fact alone is sufficient to support the Court's refusal to appoint or otherwise request counsel to represent Petitioner. Id. Accordingly, Petitioner's request for appointed counsel is DENIED.

Next, Petitioner asks this Court to rule on the admissibility of certain duplicates which he has submitted to the Court. Specifically, Petitioner asks that copies of the Petition for Clemency

which he previously filed with the Governor of Illinois be deemed admissible. There is no dispute regarding whether such a document is admissible. Specifically, 28 U.S.C. § 2247 states that "[o]n application for a writ of habeas corpus documentary evidence, transcripts of proceeding upon arraignment,… or any previous similar application by or in behalf of the same petitioner, shall be admissible in evidence." Accordingly, without taking a position on the weight or veracity of Petitioner's request for clemency or the accuracy of the copies at this time, this Court notes that Petitioner's request for clemency is admissible for purposes of this § 2254 Petition. Because the admissibility is not in dispute, Petitioner's Motion is MOOT.

IT IS THEREFORE ORDERED that Petitioner's Motion to Appoint Counsel is DENIED and Petitioner's Motion for Admissibility is MOOT.

ENTERED this   14th   day of March, 2008.


                                    s/ Joe Billy McDade
                                    Joe Billy McDade
                                    United States District Judge