IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| United States of America ex rel.<br>  DREW TERRELL, | ) | |
|                   Petitioner, | )<br>)<br>) | |
|                   v. | )<br>) | No. 08 C 2328 |
| EDDIE JONES, Warden,<br>  Pontiac Correctional Center, | )<br>)<br>) | The Honorable<br>Matthew F. Kennelly, |
|                   Respondent. | ) | Judge Presiding. |

**RESPONSE TO PETITIONER'S QUASI MOTION FOR REPLEADER**

      Pursuant to this Court's July 7, 2008 Order, respondent files this response to petitioner's "quasi motion for repleader and/or to alter or amend the judgment," and states as follows:

      1.    In 1986, after a bench trial in the Circuit Court of Cook County, petitioner was convicted of murder and aggravated sexual assault of a 15-month-old girl, and was sentenced to death and a consecutive 60-year term of imprisonment. *See People v. Terrell*, 547 N.E.2d 145, 147-50 (Ill. 1989). Petitioner's sentence was commuted to imprisonment for the term of his natural life by then-Governor George Ryan. *See* Pet. at 2. Petitioner is now in the custody of Joseph Mathy, Acting Warden of the Pontiac Correctional Center in Pontiac, Illinois.[1]

---

[1] Joseph Mathy is now the Acting Warden of Pontiac Correctional Center. He is therefore the "state officer having custody of the applicant," and should be substituted for Eddie Jones as the named respondent in this case. *See* Rule 2 of the

2.  On August 6, 2007, petitioner filed the instant petition for writ of habeas corpus in the United States District Court for the Central District of Illinois. (Doc. 4). On April 18, 2008, Judge Joe Billy McDade of that district transferred petitioner's case to the United States District Court for the Northern District of Illinois:

> It is generally thought that the proper venue for a habeas petition under §2254 is in the district where the petitioner was convicted. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 493-94 (1978). Based upon the Petition before the Court, Petitioner was convicted of felony murder in Cook County, Illinois. Accordingly, the proper venue for this matter is the Northern District of Illinois.

(Doc. 7).

3.  On May 19, 2008, petitioner filed a document titled "Quasi Motion for Repleader and/or to Alter or Amend Judgment" challenging Judge McDade's transfer order. (Doc. 13). Petitioner asserted that the transfer was based on "an incorrect assumption that [the Central District] did not have venue or that venue was improper, when, in fact, venue was proper before the Central District of Illinois by virtue of the fact that [petitioner] is currently confined in Livingston County in Pontiac, Illinois." *Id.* Petitioner's motion seeks to transfer his habeas case back to the Central District of Illinois. *Id.* The motion should be denied because the transfer order was an appropriate exercise of the court's discretion.

---

Rules Governing Section 2254 Cases in the United States District Courts; *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) (citing *Hogan v. Hanks*, 97 F.3d 189, 190 (7th Cir. 1996)); *Bridges v. Chambers*, 425 F.3d 1048, 1049-50 (7th Cir. 2005); Fed. R. Civ. P. 25(d)(1).

4.  Under 28 U.S.C. § 2241(d), a prisoner of a state containing two or more Federal judicial districts may file a petition for writ of habeas corpus in either the district of custody or the district of conviction.  Each court has "concurrent jurisdiction to entertain the application" and may, in its discretion, transfer the petition to the other district court.  *Id.*; *see also Bridges v. Chambers*, 425 F.3d 1048, 1050 (7th Cir. 2005) (noting that state prisoners may file federal habeas petitions "either in the district in which they are confined or in the district in which the court that sentenced them is located"); *Moore v. Olson*, 368 F.3d 757, 758-60 (7th Cir. 2004) (although it mentions jurisdiction, § 2241(d) is a venue provision).

5.  In transferring this case to the Northern District, Judge McDade did not hold that the Central District lacked jurisdiction over the case; he merely stated that the Northern District was the proper venue.  (Doc. 7).  Therefore, there is no reason to conclude that Judge McDade incorrectly assumed that a transfer was necessary because the Central District lacked jurisdiction or venue.

6.  In support of his conclusion, Judge McDade cited *Braden*, which justified a transfer of venue based on where the material events of the case took place and where the relevant records could be found.  *Braden*, 410 U.S. at 493-94.  Applying these factors to this case demonstrates the appropriateness of Judge McDade's order.  Here, petitioner committed his crime in Cook County, and the trial records are located in Cook County.  *Braden*'s concerns with convenience animated Judge McDade's decision in this case, and that decision was within his discretion.  28 U.S.C. § 2241(d).

7. Little purpose would be served by a second transfer of this case, and petitioner has not provided this Court with any reason for doing so. Accordingly, the motion should be denied.

## CONCLUSION

This Court should deny petitioner's motion.

July 15, 2008                                   Respectfully submitted,

 

                                    LISA MADIGAN
                                    Attorney General of Illinois

          By:      s/Erica R. Seyburn
                                    ERICA R. SEYBURN, Bar # 6287357
                                    Assistant Attorney General
                                    100 W. Randolph Street, 12th Floor
                                    Chicago, Illinois 60601-3218
                                    PHONE: (312) 814-2139
                                    FAX: (312) 814-2253
                                    E-MAIL: eseyburn@atg.state.il.us

## CERTIFICATE OF SERVICE

I certify that on July 15, 2008, I electronically filed respondent's **Response** with the Clerk of the United States District Court for the Northern District, Eastern Division, using the CM/ECF system, and on the same date mailed a copy of that document by United States Postal Service to the following non-CM/ECF user:

> Drew Terrell, #N63220
> Pontiac Correctional Center
> 700 W Lincoln St.
> P.O. Box 99
> Pontiac, IL 61764

> s/Erica R. Seyburn
> ERICA R. SEYBURN, Bar # 6287357
> Assistant Attorney General
> 100 W. Randolph Street, 12th Floor
> Chicago, Illinois 60601-3218
> PHONE: (312) 814-2139
> FAX: (312) 814-2253
> E-MAIL: eseyburn@atg.state.il.us