IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| United States of America ex rel. ) | | |
|   DREW TERRELL, ) | | |
| ) | | |
|                 Petitioner, ) | | |
| ) | | |
|         v. ) | No. 08 C 2328 | |
| ) | | |
| EDDIE JONES, Warden, ) | | |
|   Pontiac Correctional Center, ) | The Honorable | |
| ) | Matthew F. Kennelly, | |
|                 Respondent. ) | Judge Presiding. | |

**RESPONSE TO PETITIONER'S MOTION FOR LEAVE TO FILE
SUPPLEMENTAL CLAIMS**

Pursuant to this Court's August 21, 2008 order, respondent EDDIE JONES responds to petitioner's motion for leave to supplement the petition for a writ of habeas corpus filed in the above-captioned cause (Doc. 25) as follows:

1.      Petitioner Drew Terrell – identified as prisoner number N63220 – is in the custody of Joseph Mathy, acting warden of the Pontiac Correctional Center in Pontiac, Illinois.[1]

---

[1] Joseph Mathy is now the Acting Warden of Pontiac Correctional Center, where petitioner is presently incarcerated. He is therefore the "state officer having custody of the applicant," and should be substituted for Eddie Jones as the named respondent in this case. *See* Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts; *see also Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) (citing *Hogan v. Hanks*, 97 F.3d 189, 190 (7th Cir. 1996)); *Bridges v. Chambers*, 425 F.3d 1048, 1049-50 (7th Cir. 2005); Fed. R. Civ. P. 25(d)(1).

2. In 1986, after a bench trial in the Circuit Court of Cook County, petitioner was convicted of the murder and aggravated sexual assault of 15-month-old Laura Hampton, and was sentenced to death and a 60-year term of imprisonment, respectively. *See People v. Terrell*, 547 N.E.2d 145, 147-50 (Ill. 1989) ("*Terrell I*"). The Illinois Supreme Court affirmed the convictions, but vacated the sentences and remanded for resentencing. *See Terrell I*, 547 N.E.2d at 168. On remand, a jury again sentenced petitioner to death. *See People v. Terrell*, 708 N.E.2d 309, 317 (Ill. 1998) ("*Terrell II*"). On January 10, 2003, petitioner's death sentence was commuted by then-Governor George Ryan to a sentence of life imprisonment without the possibility of parole. (Doc. 19 Exh. J at 2).

3. On July 30, 2007, petitioner filed a petition for writ of habeas corpus in the United States District Court for the Central District of Illinois. (Doc. 4). That petition raised five claims:

(a) the state trial court erred in dismissing his postconviction petition without a hearing, where he raised claims of actual innocence and ineffective assistance of counsel;

(b) his trial counsel was ineffective for failing to investigate and present evidence that Elizabeth Terrell had actually committed the crime;

(c) the state appellate court misapplied Illinois's standard of review in affirming the dismissal of the postconviction petition;

(d) his trial counsel was ineffective for failing to present evidence that petitioner's confession was false and that he was actually innocent; and

(e) the state appellate court misstated facts regarding the testimony of Lottie Banks during trial.

(Doc. 4 at 5-9). All five claims stemmed from the state courts' dismissal of his postconviction petition, in which he had claimed that his mother, Elizabeth Terrell, had actually committed the crime. (Doc. 19 Exh. J).

    4.    On April 18, 2008, the Honorable Joe Billy McDade transferred the case to this Court, because the underlying conviction originated in a county falling within the Northern District of Illinois. (Doc. 7). On May 19, 2008, petitioner filed a "quasi motion for repleader" asking this Court to transfer this case back to the Central District. (Doc. 13). To date, this Court has not ruled on that motion.

    5.    On July 29, 2008, respondent answered the petition. (Doc. 19). On August 7, 2008, upon this Court's order, respondent served petitioner with all exhibits cited in respondent's answer. (Doc. 22). On August 11, 2008, petitioner filed a traverse to respondent's answer. (Doc. 26).

    6.    On August 11, 2008, petitioner also filed a "Motion for Leave to File and Supplemental Claim(s) Herewith" (Doc. 25),[2] seeking to add eight claims originally raised on his state direct appeal to his federal habeas petition. These claims, labeled consecutively to the claims raised in the original petition, allege:

---

[2] In the "Proof/Certificate of Service" attached to the motion, petitioner stated that he placed the motion in the institutional mail system at Pontiac Correctional Center on August 11, 2008. (Doc. 25). This does not strictly comply with Rule 3(d)(1) of the Rules Governing Section 2254 Cases in the United States District Courts; the Rule also requires that the prisoner state that first-class postage has been prepaid, and petitioner did not so state. The motion was not filed in the Clerk's Office until August 20, 2008. However, since this discrepancy does not affect the ultimate conclusion that the supplemental claims are untimely, respondent gives petitioner the benefit of the earlier date.

- (f) the police violated his due process rights by ignoring his requests to make a phone call and keeping him incommunicado for approximately nine hours;

- (g) his statements to police should have been suppressed as involuntary because the State failed to produce or explain the absence of three material witnesses at the suppression hearing;

- (h) the evidence at trial failed to establish beyond a reasonable doubt that petitioner intentionally or knowingly killed Laura Hampton, and thus his conviction for first degree murder should have been reduced to involuntary manslaughter;

- (i) because the Illinois legislature did not limit the scope of the criminal sexual assault statute to those acts done for the purpose of sexual gratification or arousal of the victim or the accused, that statute is unconstitutionally overbroad;

- (j) Illinois's aggravated criminal sexual assault statute violates due process because it does not provide that criminal sexual assault is a lesser included offense;

- (k) petitioner's original death sentence resulted from an unconstitutional double enhancement;

- (l) the "brutal and heinous" language of the capital sentencing statute is unconstitutionally vague; and

- (m) the evidence failed to establish beyond a reasonable doubt that petitioner committed the murder "in the course of" a felony as required to establish eligibility for the death penalty.

(Doc. 25 at 2).[3]

---

[3] Because all eight claims were raised in petitioner's direct appeal to the Illinois Supreme Court, *see* Doc. 19 Exh. A, they were properly exhausted in the state courts. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (petitioner must fairly present his claim in each appropriate state court). As petitioner had been sentenced to death, his direct appeal was to the Illinois Supreme Court. Ill. Rev. Stat. Ch. 38, par. 9-1(i) (1984).

Petitioner alleges that he "previously could not make an informed decision to include" these additional claims "because of the lack of a complete and comprehensive record at [the] time of his initial filing." (Doc. 25 at 1). Petitioner posits that respondent would not be prejudiced by allowance of leave to supplement, because "[t]o date, the instant action has not been placed [on] this Court's trial calender, and since venue is still at issue, in effect, there is no responsive pleading before this Court." (Doc. 25 at 1). Finally, petitioner states that "if the respondent does not dispute the above proposed supplement or consent thereto, then the petitioner will in turn consent to this Court's exercise of venue in the instant cause." (Doc. 25 at 3).

## ARGUMENT

This Court should deny petitioner's motion for leave to supplement his habeas petition with eight additional claims. The new claims are untimely under 28 U.S.C. § 2244, and they do not "relate back" to those in the original petition. Petitioner has not shown any basis to justify equitable tolling of the statue of limitations. Finally, petitioner's arguments as to venue are irrelevant to whether this Court should allow him to supplement his petition.

I.   **The Supplemental Claims Are Untimely.**

   A.   **The Statute Of Limitations Began To Run On The Date Petitioner's Conviction Became Final.**

The timeliness of petitioner's claims is determined by 28 U.S.C. § 2244(d)(1), which imposes a one-year statute of limitations for filing habeas petitions. The date

on which petitioner's conviction became final is the only applicable date on which to start section 2244(d)(1)'s one-year limitations period. *See* 28 U.S.C. §2244(d)(1)(A).

Petitioner may not argue that the relevant date is that on which the "factual predicate" of his claims became known to him. 28 U.S.C. §2244(d)(1)(D) (limitations period for federal habeas begins on date on which factual predicate of claims could have been discovered through exercise of due diligence). Petitioner states that he did not include the supplemental claims in his original petition because he could not make an informed decision whether to add them, due to "the lack of a complete and comprehensive record at the time." (Doc. 25 at 1). If petitioner is attempting to argue that the statute of limitations period for the supplemental claims did not begin until he obtained a "complete and comprehensive record" (presumably, when respondent served him with exhibits cited in the answer), his argument is unavailing.

Petitioner does not state a valid argument that the factual predicate of these claims was unknown to him when he filed his original petition. First, the factual predicate of his claims were known to him, at the latest, when his direct appeal was filed in 1987. *See* Exh. A. Second, in his original habeas petition, petitioner stated that he had raised the following claims in his direct appeal to the Illinois Supreme Court: "involuntariness of statements; reasonable doubt; insufficiency of evidence; and several constitutional challenges to the statutes." (Doc. 4 at 3). Given this recitation, it appears that when petitioner filed his original petition in July 2007, he was aware of the claims he now asks, in August 2008, for leave to raise. This fact

weighs against allowance of leave to supplement. *See Rodriguez v. United States*, 286 F.3d 972, 981-92 (7th Cir. 2002) (district court could have denied motion to amend based on prisoner's "delay in moving for amendment," since prisoner "was aware of the arguments he eventually presented in his motion to amend").

Instead, petitioner merely asserts that he was unable to make an "informed decision" whether to include these claims — which were well known to him — without a complete record. This argument lacks merit. "Although mere notice pleading is not sufficient in the habeas corpus context, there is no requirement that a habeas petitioner enumerate in his petition every fact which supports a ground for relief." *Lloyd v. Van Natta*, 296 F.3d 630, 633 (7th Cir. 2002). To preserve his claims, petitioner should have included them in the original filing; he would then have had the option of voluntarily dismissing claims he later determined to be unavailing.

In any event, even if petitioner were unaware of the factual predicate of the claims at issue or the claims themselves, § 2244(d)(1)(D) does not provide a new limitations start date. Petitioner could have discovered the factual predicate and the claims much earlier by examining his own appellate briefs, or the published state supreme court opinion in his case.

**B.    The New Claims Were Filed After The Statute Of Limitations Expired.**

Petitioner's conviction became final upon the denial of certiorari by the United States Supreme Court, on October 4, 1999. *See Terrell v. Illinois*, 528 U.S.

881 (1999). However, the limitations period did not begin to lapse on that date, because petitioner had filed a petition for postconviction relief in state court on May 9, 1997. (Doc. 19 Exh. I). The filing of that postconviction petition tolled the statute of limitations during the pendency of postconviction proceedings. 28 U.S.C. § 2244(d)(2) (time during which properly filed application for state postconviction relief is pending does not count towards §2244 limitations period). His postconviction proceedings ended on November 29, 2006, when the Illinois Supreme Court denied his petition for leave to appeal. (Doc. 19 Exh. P). *See Lawrence v. Florida*, 127 S. Ct. 1079, 1083-84 (2007) (statute of limitations tolled only during pendency of state postconviction proceeding, which does not include time used to seek certiorari in United States Supreme Court). Therefore, the limitations period began November 30, 2006, and expired one year later, on November 30, 2007.

Petitioner's initial petition was filed July 30, 2007, before the one-year limitations period expired. However, the pendency of that initial petition did not toll the limitations period as to his new claims. *Duncan v. Walker*, 533 U.S. 167, 172 (2001) ("other collateral review" in § 2244(d)(2) refers only to state proceedings). Therefore, the limitations period with respect to the claims that are the subject of this motion — which expired November 30, 2007 — had run out well before August 11, 2008, when petitioner filed the instant motion. The Court should therefore deny the motion, as the claims are untimely. *See Rodriguez*, 286 F.3d at 980 (district court may properly deny motion to amend as futile if proposed amendment barred by statute of limitations).

### C.     Petitioner is Not Entitled to Equitable Tolling.

Petitioner has not argued that equitable tolling should excuse his failure to include these eight new claims in his original petition. *See, e.g.*, *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (litigant seeking equitable tolling generally bears burden of demonstrating that (1) he has been pursuing his rights diligently; and (2) some "extraordinary circumstance" prevented timely filing); *Escamilla v. Jungwirth*, 426 F.3d 868, 872 (7th Cir. 2005) (citing *Pace*). Assuming equitable tolling applies to habeas actions,[4] it would not be appropriate here. Petitioner alleges that he could not make an "informed decision" whether to include these claims in his original petition because he did not have a complete record. But this is not an "extraordinary circumstance" that would justify equitable tolling. *See Lloyd*, 296 F.3d at 633 (lack of access to trial transcripts not proper basis for equitable tolling). In any event, it is clear from the text of the original petition that petitioner was aware of the issues raised in these eight claims when he filed his first petition and also that he could have made himself aware of them through due diligence. His desire to deliberate does not justify equitable tolling.

---

[4] Neither the Supreme Court nor the Seventh Circuit has squarely decided whether equitable tolling applies to AEDPA's limitations period. *See Lawrence*, 127 S. Ct. at 1085 n.3 (assuming, without deciding, that the limitations period in § 2244(d)(1) is subject to equitable tolling); *Pace*, 544 U.S. at 418 & n.8 (same); *Modrowski v. Mote*, 322 F.3d 965, 967 n.2 (7th Cir. 2003) (reserving the question).

## II. The Supplemental Claims Do Not Relate Back To the Original Petition.

The untimely claims cannot be saved through the "relation back" doctrine. Federal Rule of Civil Procedure 15 governs amendments to federal habeas petitions. *See Mayle v. Felix*, 545 U.S. 644, 655 (2005). Under Rule 15(c)(2), amendments to a pleading that are made after the limitations period has run relate back to the date of the initial pleading only if the claims in the amended pleading "ar[i]se out of the conduct, transaction, or occurrence set forth . . . in the original pleading." Fed. R. Civ. P. Rule 15(c)(2). Applying this rule to a federal habeas proceeding, *Mayle* rejected the proposition that the criminal trial itself is the transaction or occurrence that counts. *Id.* at 662. If claims asserted after the one-year period could be revived simply because they relate to the same trial, conviction, or sentence as a timely-filed claim, then the limitations period would be insignificant. *Id.* Instead, to relate back under Rule 15(c)(2), the claims in the original and amended petitions must be tied to a common core of operative facts. *Mayle*, 545 U.S. at 664. In a footnote, the Supreme Court gave examples of claims "tied to a common core of operative facts" that would relate back to the original filing:

> For example, in *Mandacina v. United States*, 328 F.3d 995, 1000-1001 (C.A.8 2003), the original petition alleged violations of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), while the amended petition alleged the Government's failure to disclose a particular report. Both pleadings related to evidence obtained at the same time by the same police department. The Court of Appeals approved relation back. And in *Woodward v. Williams*, 263 F.3d 1135, 1142 (C.A.10 2001), the appeals court upheld relation back where the original petition challenged the trial court's admission of recanted

> statements, while the amended petition challenged the court's refusal to allow the defendant to show that the statements had been recanted. *See also* 3 J. Moore, et al., *Moore's Federal Practice* § 15.19, p. 15-82 (3d ed. 2004) (relation back ordinarily allowed "when the new claim is based on the same facts as the original pleading and only changes the legal theory").

*Mayle*, 545 U.S. at 664 n.7.

The claims in the original petition relate to petitioner's allegations that his mother was the actual perpetrator of the crime, and that his trial counsel was ineffective for failing to investigate and present this theory during trial. None of the supplemental claims have anything to do with the "operative facts" pertaining to this theory of innocence. Claims (f) and (g) relate to alleged police misconduct in interviewing petitioner. Claims (h) and (m) assert that insufficient evidence was presented in the course of petitioner's trial. Claims (i) and (l) challenge the constitutionality of Illinois state laws on overbreadth and vagueness grounds. Claim (j) raises a state-law issue of lesser-included offenses. Finally, claim (k) asserts that petitioner was sentenced under an unconstitutional double enhancement. None of these claims have anything to do with Elizabeth Terrell and her supposed guilt, or trial counsel's actions in any sense. Because the supplemental claims do not arise from the same core of operative facts as the original claims, they do not "relate back" so as to permit supplementation of the original petition.

**III.   The Venue Question Is Irrelevant To This Motion.**

    **A.   Venue Does Not Affect Whether A Responsive Pleading Was Filed Or Whether Respondent Would Be Prejudiced.**

Petitioner asserts that there is no responsive pleading before the court, because venue is still "at issue," and therefore respondent could not possibly be prejudiced by allowance of leave to supplement the habeas petition. (Doc. 25 at 1). Petitioner is in error.

First, contrary to petitioner's argument, there is a responsive pleading already filed. (Doc. 19). No order was entered suspending briefing in the case until venue is determined. Respondent accordingly filed an answer. Notably, petitioner then filed a traverse to that answer (Doc. 26), persuasively demonstrating that he did not understand the Court to have suspended briefing pending determination of the venue question. And if this Court did, in fact, transfer the case according to petitioner's desire, respondent's answer would not somehow disappear from the record. Rather, it would remain fully responsive to petitioner's claims, as respondent's analysis of those claims does not depend on which federal district court decides the case.

Second, contrary to petitioner's assertion, respondent would be prejudiced if the motion were granted. Respondent would have to answer claims that should be barred by the statute of limitations. Furthermore, as to the claims raised in the original petition, briefing is already complete, and answering them would require significant expenditure of time and effort by respondent.

In short, the venue question should have no bearing on this Court's resolution of petitioner's motion.

### B.   Petitioner's Consent To Venue Is Irrelevant.

Petitioner states in passing that, if respondent consents to the addition of his supplemental claims, petitioner would consent to this Court's venue over the case. Respondent does not consent to supplementation of the petition. Perhaps petitioner misunderstands: his consent is not a salient consideration in this Court's exercise of its discretion regarding venue. Under 28 U.S.C. § 2241(d), a prisoner of a state containing two or more federal judicial districts may file a petition for writ of habeas corpus in either the district of custody or the district of conviction. Each court has "concurrent jurisdiction to entertain the application" and may, in its discretion, transfer the petition to the other district court. *Id.*; *see also Bridges v. Chambers*, 425 F.3d 1048, 1050 (7th Cir. 2005) (noting that state prisoners may file federal habeas petitions "either in the district in which they are confined or in the district in which the court that sentenced them is located"); *Moore v. Olson*, 368 F.3d 757, 758-60 (7th Cir. 2004) (noting that although it mentions "jurisdiction," § 2241(d) is in fact a venue provision).

Here, petitioner is incarcerated within the Central District of Illinois, but he committed his crime, and the trial records are located, in Cook County. Venue was not only proper in this district, but also it is more convenient to the disposition of the case. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 493-94 (1978) (approving transfer of venue in federal habeas case to district where

material events of case took place and where relevant records could be found). Notably, petitioner has not provided this Court with any argument that the case would be more conveniently handled in the Central District.

## **CONCLUSION**

This Court should deny petitioner's motion to supplement.

August 26, 2008                                            Respectfully submitted,


                                                           LISA MADIGAN
                                                           Attorney General of Illinois

                                      By:    s/Erica R. Seyburn
                                             ERICA R. SEYBURN, Bar # 6287357
                                             Assistant Attorney General
                                             100 West Randolph Street, 12th Floor
                                             Chicago, Illinois 60601-3218
                                             PHONE: (312) 814-2139
                                             FAX: (312) 814-2253
                                             E-MAIL: eseyburn@atg.state.il.us

## CERTIFICATE OF SERVICE

I certify that on August 26, 2008, I electronically filed respondent's **Response to Petitioner's Motion for Leave to File Supplemental Claims** with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, using the CM/ECF system, and on the same date mailed a copy of that document by United States Postal Service to the following non-CM/ECF user:

    Drew Terrell, #N63220
    Pontiac Correctional Center
    700 W Lincoln St.
    P.O. Box 99
    Pontiac, IL 61764.

                                        LISA MADIGAN
                                        Attorney General of Illinois

                  By:    s/Erica R. Seyburn
                         ERICA R. SEYBURN, Bar # 6287357
                         Assistant Attorney General
                         100 West Randolph Street, 12th Floor
                         Chicago, Illinois 60601-3218
                         PHONE: (312) 814-2139
                         FAX: (312) 814-2253
                         E-MAIL: eseyburn@atg.state.il.us